Earl L. MINDELL, individually and on behalf of those similarly situated, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV 87–250–WJR.

United States District Court, C.D. California.

May 5, 1988.

---

Day Law Corp., Jon R. Vaught, Montie S. Day, Oakland, Cal., for plaintiff.

Jeffrey G. Varga, Asst. U.S. Atty., Los Angeles, Cal., Michael J. Salem, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM ORDER AND FINDINGS RE: MOTIONS FOR SUMMARY JUDGMENT

REA, District Judge.

This matter comes before the Court on the motions of both parties for summary judgment. The Court having considered the papers filed in support thereof and in opposition thereto and having heard oral argument.

IT IS HEREBY ORDERED that defendant's motion is GRANTED and plaintiff's motion is DENIED.

The Court finds as follows:

### FACTS

This case arises from the alleged breach by the government of a taxpayer's right to have his returns kept confidential. Plaintiff, Earl Mindell, claims that the government violated this right by providing excessive discovery of his tax returns in a case brought against it by a third party.

The material facts are not in dispute. Mindell's returns were disclosed in a lawsuit brought against the government by Randall Goulding. *Randall S. Goulding v. United States*, Civ. No. 83 C 5692 (N.D. Ill.). Goulding is a Chicago tax attorney who prepared the returns for a partnership in which Mindell was a limited partner. The K–1 partnership tax schedule prepared by Goulding was utilized by Mindell and the 83 other partners in submitting their individual tax returns. Based on unspecified deficiencies in the K–1 schedule, the IRS assessed tax return preparer penalties against Goulding based on his status as "tax return preparer" for each of the 83 partners.

Goulding subsequently brought an action to recover the penalties, arguing in part that preparing a partnership tax schedule does not make one a "tax return preparer" for each individual who utilizes it. Goulding's first request for document production requested from the government all documents relating to the issue of whether he was the "tax return preparer" for each of the limited partners for the 1979 and 1980 tax years.

The government has submitted a declaration from the trial attorney in the Goulding case, Gerald Brost. Brost states that when he received the discovery request, he was aware that it could pose disclosure problems. He then states in general terms that

after analyzing the statute and consulting with his superiors, it was determined that disclosure of third party tax records was proper.

The first items disclosed concerning plaintiff Mindell were his Form 1040 and Schedule E for 1979 and 1980. Subsequently, the complaint was amended to include the 1981 tax year. Discovery provided in that connection included Mindell's Form 1040, *all* attached schedules, the Return Preparer's Checksheet for 1981, and the Report of Individual Income Tax Changes for 1981.

Mindell brought this action against the government on the grounds that the disclosure provided to Goulding by the government was excessive under 26 U.S.C. Section 6103. Both parties now move for summary judgment.

## ANALYSIS

Section 6103(a) of the Internal Revenue Code sets out a general rule that tax returns and tax return information are confidential and shall not be disclosed by the government. Two statutory exceptions to this rule are relevant here. Sections 6103(h)(4)(B) and (C) provide that:

A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—...

(B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding; [or]

(C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; ....

The *Goulding* litigation clearly pertains to tax administration. 26 U.S.C. Section 6103(b)(4); *See Rueckert v. Internal Revenue Service*, 775 F.2d 208 (7th Cir.1985). The question facing the Court is therefore whether the information disclosed by the government was directly related to Goulding's status as "tax return preparer" for Mindell and his partners, which transac-

tional relationship is at the heart of the *Goulding* litigation.

Under 26 U.S.C. Section 7701(a)(36)(A), "the preparation of a substantial portion of a return or claim for refund shall be treated as if it were the preparation of such return or claim for refund." Guidelines as to what constitutes "a substantial portion" are found in Treas.Reg. 301.7701–15(b), which provides:

Whether a schedule, entry, or other portion of a return ... is a substantial portion is determined by comparing the length and complexity of, and the tax liability or refund involved in, that portion to the length and complexity of, and tax liability or refund involved in, the return ... as a whole.

Treas.Reg. 301.7701–15(b)(1). A de minimus test is provided by subsection (b)(2). In sum, then, the Commissioner has interpreted the statutory term 'substantial portion' to require a comparison of the prepared and 'unprepared' portions of the return with respect to relative length, complexity and amounts involved. But if the amount involved is less than $100,000 and also less than 20% of the taxpayer's income, the de minimus test applies and a more detailed comparison need not be undertaken.

█ Mindell's challenge to the validity of Treas.Reg. 301.7701–15(b) is discussed below. Assuming for the moment that it is valid, however, it is clear that the government did not act improperly in disclosing to plaintiff Goulding the tax records of those for whom he was, allegedly, a "tax return preparer." Under the regulation, Goulding may attack that allegation only by comparing the length, complexity and amount involved of the portion he prepared with the remainder of the taxpayer's return. This necessarily involves disclosure of the return and all related schedules, without which it is impossible to determine whether the work constituted a "substantial portion" of the tax return. Directly related as well to this issue was the return information provided by the government, i.e. the 1981 Return Preparer's Checklist

and the 1981 Report on Individual Income Tax Changes.

Mindell charges that the government has failed to demonstrate that it screened his tax return before disclosure to ensure that the de minimus rule was inapplicable. Were that provision to apply, he contends, only disclosure of certain line items pertaining to income would be warranted. Notably, Mindell has failed to allege that the de minimus provision did in fact apply. Since the burden is on the plaintiff to establish that the disclosure was improper, the absence of such an allegation renders this argument irrelevant to the facts before the Court.

Mindell also argues that the government's conduct belies its contention that disclosure of the entire tax return is necessary to illuminate the "substantial portion" issue, inasmuch as it produced a complete return only for the 1981 tax year. The government counters that the inadequacy of its document production with respect to the 1979 and 1980 tax years is irrelevant. No clear explanation for the government's inconsistent treatment of Goulding's discovery requests has emerged from the pleadings or hearing. This inconsistency precludes granting summary judgment in favor of defendant based on its argument that the disclosures resulted from a good faith interpretation of the relevant statutes. *See* 26 U.S.C. Section 7431(b).

■ In this case, however, defendant need not rely upon a good faith defense. Having considered the interplay of 26 U.S. C. Sections 6103(a) and 7701(a)(36)(A) and Treas.Reg. 301.7701–15(b), the Court concludes that a taxpayer's entire return must be considered directly related to resolving the issue of whether a third party is a "tax return preparer" for that taxpayer. The government's response to Goulding's discovery requests was therefore not excessive as a matter of law.

■ Mindell next argues that Treas.Reg. 301–7701–15(b) does not comport with congressional intent with respect to confidentiality of tax returns and is therefore invalid. Under the regulation, as noted, what constitutes "substantial" return prepara-

tion is determined by comparing the length, complexity and amounts involved of the prepared portion of the return with the same qualities in the portion not prepared by the alleged preparer. Mindell notes that the legislative history suggested a slightly different test: whether a portion was "substantial" was to be determined by "examining both the length and complexity of that particular portion of the return and the *amount of tax liability.*" S.Rep. 938, 94th Cong.2d Sess., *reprinted in* U.S.Code Cong. & Admin.News 3781; H.Rep. 658, 94th Cong.2d Sess., *reprinted in* U.S.Code Cong. & Admin.News 3171 (emphasis added).

Mindell argues that if the Commissioner had adopted the latter formulation, only the K–1 partnership tax schedule, along with those line items from the Form 1040 reflecting a taxpayer's net tax liability, would need to be disclosed to determine the "substantial portion" issue. This would more closely comport with the congressional intent to preserve the confidentiality of tax returns reflected in 26 U.S.C. Section 6103(a).

In *Fmali Herb, Inc. v. Heckler,* 715 F.2d 1385 (9th Cir.1983), the Ninth Circuit recited the standard governing review of interpretive agency regulations:

Regulations interpreting statutory terms are given important but not controlling significance. Our task is limited to determining whether the [agency's] construction is 'sufficiently reasonable' to be adopted by a reviewing court. To uphold the regulation, we need not find the [agency] interpretation to be the only reasonable one possible. However, the regulation cannot be sustained if it is contrary to the 'plain meaning' of the statute and its legislative history.

*Id.* at 1387 (citations omitted); *see also Thor Power Tool Co. v. Commissioner,* 439 U.S. 522 n. 11, 99 S.Ct. 773, 58 L.Ed.2d 785 (1979).

The regulation at issue, Treas.Reg. 301–7701–15(b), is not "contrary to the plain meaning of the statute and its legislative history." The statute, Internal Revenue

Code Section 7701(a)(36), does not define the term "substantial portion." The legislative history referenced by Mindell suggests that Congress considered the length, complexity and numerical significance of the portion completed by the return preparer to be important factors. Yet the literal language of the same definition, by comparing the completed portion only to the amount of tax liability of the taxpayer, effectively eliminates the factors of length and complexity from the comparison. The definition adopted by the Commissioner, on the other hand, permits a comparison utilizing all three factors. This broader test necessarily entails more extensive disclosure of third party tax returns in situations such as this. But absent any indication that Congress suggested the narrower definition with an eye towards its disclosure ramifications, this Court cannot say with certainty that Treas.Reg. 301–7701–15(b) is not a reasonable interpretation of 26 U.S.C. Section 7701(a)(36)(A).

For all the above reasons, defendant's motion for summary judgment is GRANTED, and plaintiff's motion for summary judgment is DENIED.